UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE STEGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:22-CV-01323-JAR |
| vs. ) | |
| ) | |
| YOUSSEF GROUP LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

This matter is before the court on Plaintiff Michelle Steger's Second Motion to Amend/Correct Case Management Order (ECF No. 16) and Motion to Compel Rule 34 Entry (ECF No. 25), as well as Defendant Youssef Group LLC's Motion to Dismiss Case (ECF No. 19) and Motion to Quash (ECF No. 20). For the following reasons, the Court will deny each motion.

**BACKGROUND**

Steger is an individual with disabilities and a self-described "tester" of compliance with the Americans with Disabilities Act. (ECF No. 1 at ¶ 7). She brings this action under 42 U.S.C. § 12182 to remedy several alleged ADA violations at a shopping center owned or leased by Youssef Group in St. Charles, Missouri. (*Id.* at ¶¶ 9-10). She claims she was prevented from patronizing the shopping center by several barriers within the parking lot and requests an order requiring Youssef Group to bring the shopping center into compliance. She clarifies, however, that her allegations of violations in the parking lot are not exhaustive and that "[a] complete list of the [shopping center's] ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection." (*Id.* at ¶ 26).

The gravamen of the four motions before the Court is Steger's ability to inspect the shopping center for ADA violations outside of the parking lot.  In Steger's Second Motion to Amend the Case Management Order, she claims that Youssef Group's counsel denied her request for entry upon land to conduct an inspection.  Because Steger claims that her expert is often unavailable, she requests an extension for time to disclose her expert witness and to make the expert available for deposition until her expert can actually inspect the shopping center.  She claims that her expert may discover violations not identified in the complaint, so she also requests an extension of time to amend the pleadings to reflect her expert's findings.

In response to Steger's motion, Youssef Group filed a motion to dismiss for failure to prosecute.  Youssef Group denies that its rejection of Steger's entry upon lands request caused the delays, and it notes that Steger has repeatedly failed to comply with her own proposed deadlines.  On the same day, Youssef Group also filed a "Motion to Quash Rule 34 Request For Entry Upon Lands and Objections Thereto."  It claims that Steger's Entry Upon Lands Request "does not contain the required reasonable particularity.  The Request names the address for which the Defendant is being sued over, but no particularity of items or categories was specified [sic]." (ECF No. 20 at p. 2).  Youssef Group claims that this broad request amounts to a fishing expedition "for unknown and unencountered potential violations," and it requests the Court to "quash" an inspection of the shopping center.  (*Id.*).

In response to Youssef Group's motions, Steger submitted a number of emails between parties' counsel indicating not only that she acted without dilatory intent, but also that Youssef Group's counsel repeatedly failed to respond to her communications.  She also moved to compel Youssef Group's compliance with her Notice of Entry Upon Land.  She claims that she may search for unknown and unencountered potential violations because she alleged that her

description of barriers is not exhaustive and that she intends to conduct discovery to identify the remaining ADA violations.

## DISCUSSION

**1. Youssef Group's Motion to Quash (ECF No. 20) and Steger's Motion to Compel (ECF No. 25).**

Rule 34 of the Federal Rules of Civil Procedure allows a party to serve on another party a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." That request "must describe with particularity each item or category of items to be inspected" and "must specify a reasonable time, place, and manner for the inspection[.]" Fed. R. Civ. P. 34(b). Youssef Group's "Motion to Quash" and Steger's Motion to Compel turn on the adequacy of Steger's Rule 34 request to inspect. Neither of these motions have merit.

As an initial matter, Youssef Group moves the court to "quash" Steger's discovery request, but motions to quash are properly directed at subpoenas under Rule 45, not Rule 34(a) discovery requests. An analogous response to a Rule 34 discovery request is a motion for a protective order "forbidding the disclosure or discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(b)(c)(1). But whether the motion is construed as a motion to quash or a motion for a protective order, Youssef Group is not entitled to the relief it seeks. The basis of Youssef Group's objection is that Steger's request fails to specify which parts of the shopping facility are to be inspected, and it suspects Steger will use the inspection to search for violations beyond the areas identified in her complaint: the parking lot and the exterior of the building. But Youssef Group does not request to merely "quash" Steger's inspection of the interior of the shopping

center; it requests "the Request for Entry Upon lands be quashed, the inspection denied." (*See* ECF No. 20 at p. 3). And it fails to identify a basis for preventing inspection of the shopping center's parking lot or exterior. Youssef Group appears to imply that it does not object to inspection of these areas in its account of its counsel's correspondence with Steger's counsel. Counsel reportedly asked, "Who is your expert? I assume he is just going to examine the exterior of the address and the parking lot, as those are the subject of your Complaint." (ECF No. 20 at p. 3).

On a related note, Youssef Group's account of its correspondence with Steger's counsel indicates that it failed to properly respond to Steger's request. Rule 34 requires the party receiving such a request to respond within 30 days after being served, or if the request was delivered under Rule 26(d)(2), within 30 days after the parties' Rule 26(f) conference. The response must state either that the inspection will be permitted as requested or state with the specificity the grounds for objecting to the request. And "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). The limited record before the Court indicates that Youssef Group refused inspection of any portion of the shopping center even though it did not object to inspection of the parking lot or the exterior.

The Court is unable to conclude that Youssef Group's response was insufficient, however, because neither Youssef Group nor Steger provide Youssef Group's objections or *the disputed Rule 34 request*. Youssef Group claims that Steger filed the request, and Steger claims that the request is attached to her motion, but the request does not appear anywhere in the Court's docket. Steger's Motion to Compel under Rule 37 does not even contain the required certification that she "has in good faith conferred or attempted to confer with the person or party

failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); Local Rule 3.04(A).

Though Steger's failure to certify her attempts to meet and confer are grounds for denial of her motion, and though neither party has provided the Court a copy of the disputed discovery request, to the extent that Steger did request to inspect the interior of the shopping center building for violations, she is not entitled to an order to compel compliance with her request.  In *Steger v. Franco, Inc.*, 228 F.3d 889, 894 (8th Cir. 2000), the Eighth Circuit held that "a plaintiff who has standing to sue for a specific, encountered ADA violation in a building also 'has standing to seek relief for any ADA violations in the [defendant's] building affecting his specific disability,' despite not encountering the other violations." *Davis v. Anthony, Inc.*, 886 F.3d 674, 678 (8th Cir. 2018) (quoting *Steger*, 228 F.3d 889, 894 (8th Cir. 2000)).  But in *Davis*, the Eighth Circuit clarified that *Steger* expands standing only when the plaintiff encounters a violation in a building.  Thus, the plaintiff "[could] not use the violation encountered in the parking space to expand her standing to sue for unencountered violations" inside the building that never injured her.  *Id.*  Likewise, Steger may not use alleged violations in the parking facility to expand her standing to sue for unencountered violation inside the shopping center.  Inspection of this area is irrelevant to the alleged violations in the complaint.

In short, both parties fail to show their entitlement to the requested relief: Youssef Group requests an order unsuited to the challenged discovery request and fails to provide basic information for the Court to evaluate the merits of its motion.  Steger likewise fails to provide basic information, fails to certify her good faith attempts to meet and confer, and seeks discovery that she has not shown she is entitled to.  The Court will accordingly deny both motions.

    **2.   Steger's Second Motion to Amend the Case Management Order (ECF No. 16) and Youssef Group's Motion to Dismiss for Failure to Prosecute  (ECF No. 19).**

The Court may dismiss a cause of action with prejudice "for failure of a plaintiff to prosecute or comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). This sanction is "extremely harsh," *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993), and is proper "only when there has been a clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions prove futile." *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013).

After Steger moved to amend the Court's Amended Case Management Order, Youssef group moved to dismiss Steger's complaint for failure to prosecute. In its motion, Youssef Group cites several facts indicating Steger's refusal to comply with the Court's orders, including her belated designation of neutral for mediation, her earlier request to amend the case management order, and her recent failure to comply with her expert disclosure deadline. But these delays do not evince a record of delay meriting dismissal with prejudice. And Youssef Group does not even attempt to show that lesser sanctions have failed to coerce Steger's compliance. In fact, this is Youssef Group's first motion for any kind of sanction. A dismissal with prejudice is simply unwarranted here. The Court will accordingly deny Youssef Group's motion to dismiss.

Because some of the requested deadlines in Steger's motion for an extension of time have passed, the Court will deny her motion as moot. The Court will discuss future proceedings in this case at the telephone status conference scheduled for November 14, 2023.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Michelle Steger's Motion to Amend Case Management Order [ECF No. 16] is **DENIED** as moot, and her Motion to Compel [ECF No. 25] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Youssef Group LLC's Motion to Dismiss for Failure to Prosecute [ECF No. 19] and its Motion to Quash Request For Entry Upon Lands [ECF No. 20] are **DENIED**.

Dated this 1st day of November, 2023.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE